FILED
NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CATRINA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FREEDMAN SEATING COMPANY, INC. | ) | JURY DEMAND REQUESTED |
| | ) | |
| Defendant. | ) | |

**07 C 6739**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

NOW COMES the PLAINTIFF, CATRINA THOMAS (hereinafter referred to as "Plaintiff"), by and through her attorneys and complaining of the Defendant, FREEDMAN SEATING COMPANY, INC. (hereinafter referred to as "Defendant" or "Freedman") states as follows:

### SUMMARY OF THE CASE

1. Plaintiff brings this action for unpaid overtime compensation, unpaid wages, monetary damages, liquidated damages, reasonable attorneys' fees and costs, declaratory and injunctive relief, and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for lost wages, benefits and other compensation as well as liquidated damages, reasonable attorneys' fees and other equitable relief as a direct result of Defendant's violations of the Family & Medical Leave Act, 5 C.F.R. 630.1201 et seq. (hereinafter "FMLA").

2. Plaintiff was hired in October, 2005 by the Defendant and discharged in October, 2007. During her employment with the Defendant, the Plaintiff worked as a personal secretary for the President of Freedman Seating Company - Craig Freedman.

3. Defendant, Freedman Seating Company, is a corporation duly organized and existing under Illinois law with its principal place of business located in Illinois. Freedman is an "employer" as that term is defined by both the FLSA and FMLA and has been doing business throughout the State of Illinois, including this District.

4. On or about August 24, 2007, the Plaintiff notified Defendant that she intended to take family and medical leave, pursuant to the FMLA, for the birth of her first child (See Exhibit A attached hereto). Plaintiff met all the eligibility requirements of the FMLA and began her leave on August 27, 2007.

5. On or about October 11, 2007, the Plaintiff requested to return to work on November 5, 2007. Plaintiffs' request was granted by Craig Freedman.

6. On or about October 31, 2007, Plaintiff was terminated by the Defendant before she was able to return from FMLA leave to resume her job in direct violation of the FMLA.

7. Defendant paid Plaintiff approximately $625.00 per week regardless of the hours she worked.

8. During the statutory period, Plaintiff regularly worked more than 40 hours per week without overtime compensation. The Defendant failed to keep records of the time worked each week by the Plaintiff.

9. The Plaintiff was not exempt from the FLSA because she did not meet the tests for exemption under federal law.

10. This practice of failing to pay Plaintiff for actual hours worked and overtime compensation violates provisions of the <u>Fair Labor Standards Act</u>, 29 U.S.C. §§ 201 *et seq.* As a result of Defendants' unlawful practice, Plaintiff suffered a loss of wages.

11. Defendants failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly requiring her to work in excess of 40 hours per week without overtime compensation in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

## PARTIES, VENUE AND JURISDICTION

12. At all relevant times, Plaintiff, Catrina Thomas, has resided at 2323 West Pershing Road, Chicago, Illinois. Catrina Thomas was employed by the Defendant from October, 2005 to October 31, 2007.

13. Defendant is a business that operates and maintains offices in this District and throughout the State of Illinois.

14. Defendant is an "employer" as that term is defined under the FLSA and FMLA.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## COUNT I - UNPAID OVERTIME UNDER THE FLSA

17. Plaintiff repeats and re-alleges the above paragraphs.

18. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff regularly worked more than forty (40) hours per week, but was not paid overtime.

19. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

20. Defendant is liable to Plaintiff for actual damages, liquidated damages, reasonable attorneys' fees and costs and equitable relief, pursuant to 29 U.S.C. §216(b).

## COUNT II - WRONGFUL TERMINATION IN VIOLATION OF THE FMLA

21. Plaintiff repeats and re-alleges the above paragraphs.

22. The Family Medical and Leave Act states that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for the birth of a son or daughter of the employee and in order to care for such son or daughter. The FMLA also provides that any eligible employee who takes leave under section 102 for the intended purpose of the leave shall be entitled, on return from such leave-- (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

23. The Plaintiff met all the requirements for leave under the FMLA. Nonetheless, the Defendant retaliated and discriminated against the Plaintiff by interfering with her rights and terminating the Plaintiff before she could return from leave for the birth of her child.

24. The foregoing actions of the Defendant constitute violations of the FMLA. Defendant's actions were willful and not in good faith.

25. Defendant is liable to Plaintiff for lost wages and benefits, liquidated damages, reasonable attorneys' fees and costs, and equitable relief, pursuant to the FMLA, Section 107.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, CATRINA THOMAS, by and through her attorneys demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

    A.    Declare and find that the Defendant committed one or more of the following acts:

      i. Violated provisions of the FMLA by retaliating and discriminating against the Plaintiff for exercising her rights under the FMLA and for Defendant's failure to restore Plaintiff to her previous position.

      ii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

      iii. Willfully violated overtime provisions of the FLSA;

B. Award lost wages, compensatory damages and all overtime pay owed, in an amount according to proof;

C. Award liquidated damages;

D. All costs and attorney's fees incurred prosecuting this claim;

E. Leave to amend to add claims under applicable state and federal laws; and,

F. For such further relief as the Court deems just and equitable.

Plaintiffs request Jury Demand.

Dated: November 30, 2007        Respectfully Submitted,

                                        /s/ Ryan F. Stephan
                                        Attorneys for the Plaintiffs
                                        James B. Zouras
                                        Ryan F. Stephan
                                        Stephan Zouras, LLP
                                        205 N. Michigan Avenue, Suite 2560
                                        Chicago, Illinois 60601
                                        312-233-1550
                                        312-233-1560 f