FILED
NOVEMBER 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6739

JUDGE GOTTSCHALL
MAGISTRATE JUDGE COLE

Employer Response to Employee
Request for Family or Medical Leave
(Optional Use Form -- See 29 CFR § 825.301)

(Family and Medical Leave Act of 1993)

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division

OMB No.: 1215-0181
Expires: 08-31-07

Date: 8/24/07

To: Catrina Thomas
(Employee's Name)

From: Wendy Bautista
(Name of Appropriate Employer Representative)

**Subject: REQUEST FOR FAMILY/MEDICAL LEAVE**

On 8/24/07 (Date), you notified us of your need to take family/medical leave due to:

☑ The birth of a child, or the placement of a child with you for adoption or foster care; or

☐ A serious health condition that makes you unable to perform the essential functions for your job; or

☐ A serious health condition affecting your ☐ spouse, ☐ child, ☐ parent, for which you are needed to provide care.

You notified us that you need this leave beginning on 8/27/07 (Date) and that you expect leave to continue until on or about 10/15/07 (Date).

Except as explained below, you have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period for the reasons listed above. Also, your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave. If you do not return to work following FMLA leave for a reason other than: (1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; or (2) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

This is to inform you that: (check appropriate boxes; explain where indicated)

1. You are ☑ eligible ☐ not eligible for leave under the FMLA.

2. The requested leave ☑ will ☐ will not be counted against your annual FMLA leave entitlement.

3. You ☑ will ☐ will not be required to furnish medical certification of a serious health condition. If required, you must furnish certification by _____ (insert date) (must be at least 15 days after you are notified of this requirement), or we may delay the commencement of your leave until the certification is submitted.

4. You may elect to substitute accrued paid leave for unpaid FMLA leave. We ☐ will ☐ will not require that you substitute accrued paid leave for unpaid FMLA leave. If paid leave will be used, the following conditions will apply: (Explain)

Form WH-381
Rev. June 1997

5. (a) If you normally pay a portion of the premiums for your health insurance, these payments will continue during the period of FMLA leave. Arrangements for payment have been discussed with you, and it is agreed that you will make premium payments as follows: *(Set forth dates, e.g., the 10th of each month, or pay periods, etc. that specifically cover the agreement with the employee.)*

49.07

(b) You have a minimum 30-day *(or, indicate longer period, if applicable)* grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, *provided* we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work. We ☑ will ☐ will not pay your share of health insurance premiums while you are on leave.

(c) We ☑ will ☐ will not do the same with other benefits (*e.g.*, life insurance, disability insurance, etc.) while you are on FMLA leave. If we do pay your premiums for other benefits, when you return from leave you ☑ will ☐ will not be expected to reimburse us for the payments made on your behalf.

6. You ☑ will ☐ will not be required to present a fitness-for-duty certificate prior to being restored to employment. If such certification is required but not received, your return to work may be delayed until certification is provided.

7. (a) You ☐ are ☑ are not a "key employee" as described in § 825.217 of the FMLA regulations. If you are a "key employee:" restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us as discussed in § 825.218.

(b) We ☐ have ☐ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to *us*. *(Explain (a) and/or (b) below. See §825.219 of the FMLA regulations.)*

8. While on leave, you ☑ will ☐ will not be required to furnish us with periodic reports every _Time Period_ _note Ends_ - *(indicate interval of periodic reports, as appropriate for the particular leave situation)* of your status and intent to return to work *(see § 825.309 of the FMLA regulations)*. If the circumstances of your leave change and you are able to return to work earlier than the date indicated on the reverse side of this form, you ☐ will ☐ will not be required to notify us at least two work days prior to the date you intend to report to work.

9. You ☐ will ☑ will not be required to furnish recertification relating to a serious health condition. *(Explain below, if necessary, including the interval between certifications as prescribed in §825.308 of the FMLA regulations.)*

This optional use form may be used to satisfy mandatory employer requirements to provide employees taking FMLA leave with Written notice detailing specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. (29 CFR 825.301(b).)

Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

**Public Burden Statement**

We estimate that it will take an average of 5 minutes to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**DO NOT SEND THE COMPLETED FORM TO THE OFFICE SHOWN ABOVE.**