## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

CATRINA THOMAS,     )
            )
            )
    Plaintiff,     )
            )
    v.       )  No. 07  C 6739
            )
FREEDMAN SEATING COMPANY, INC. )  JUDGE GOTTSCHALL
            )  MAGISTRATE JUDGE COLE
            )
    Defendant.    )

## ANSWER TO COMPLAINT

Defendant, Freedman Seating Company, Inc., by its counsel Donald F. Peters, Jr., in answer to the Complaint, says:

1. Plaintiff brings this action for unpaid overtime compensation, unpaid wages, monetary damages, liquidated damages, reasonable attorney's fees and costs, declaratory and injunctive relief, and other equitable and ancillary relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for lost wages, benefits and other compensation as well as liquidated damages, reasonable attorneys' fees and other equitable relief as a direct result of Defendant's violations of the Family & Medical Leave Act, 5 C.F.R. 630.1201 et seq. (hereinafter "FMLA").

**Answer:** Admits that Plaintiff brings this action under the United States statutes set forth in the Complaint, but denies that Defendant has violated same and further denies that Plaintiff is entitled to the claimed relief set forth in this Paragraph 1 of the Complaint.

2. Plaintiff was hired in October, 2005 by Defendant and discharged in October, 2007. During her employment with the Defendant, the Plaintiff worked as a personal secretary for the President of Freedman Seating Company – Craig Freedman.

**Answer:** Admits that Plaintiff was hired in October, 2005 by Defendant and discharged in October, 2007. Denies that Plaintiff's position was that of personal secretary for Craig

Freedman and further states that Plaintiff's position with Defendant was Executive Secretary for Craig Freedman and Jerry Freedman. Admits that Craig Freedman is Defendant's president.

3. Defendant, Freedman Seating Company, is a corporation duly organized and existing under Illinois law with its principal place of business located in Illinois. Freedman is an "employer" as that term is defined by both FLSA and FMLA and has been doing business throughout the State of Illinois, including this District.

**Answer:** Admits the allegations of this Paragraph 3 of the Complaint.

4. On or about August 24, 2007, the Plaintiff notified Defendant that she intended to take family and medical leave, pursuant to the FMLA, for the birth of her first child (See Exhibit A attached hereto). Plaintiff met all eligibility requirements of the FMLA and began her leave on August 27, 2007.

**Answer:** Has no knowledge that birth of Plaintiff's child was her first child, and accordingly denies same. Admits the remaining allegations of this Paragraph 4 of the Complaint.

5. On or about October 11, 2007, the Plaintiff requested to return to work on November 5, 2007. Plaintiffs' request was granted by Craig Freedman.

**Answer:** Admits the allegations of this Paragraph 5 of the Complaint. Defendant further states that prior to Plaintiff's scheduled date to return to work from her leave of absence, it was discovered by Defendant that prior to Plaintiff's leave of absence Plaintiff had engaged in misconduct regarding her employment at Defendant.

6. On or about October 31, 2007, Plaintiff was terminated by the Defendant before she was able to return from FMLA leave to resume her job in direct violation of the FMLA.

**Answer:** Admits that on or about October 31, 2007, Plaintiff was terminated by Defendant. Defendant further states that prior to Plaintiff's scheduled date to return to work from her leave of absence, it was discovered that prior to her leave of absence Plaintiff had engaged in misconduct regarding her employment and Plaintiff was terminated by Defendant. Denies that such termination was in violation of the FMLA and denies the remaining allegations of this Paragraph 6 of the Complaint, and each of them.

7. Defendant paid Plaintiff approximately $625.00 per week regardless of the hours she worked.

**Answer:**  Admits the allegations of this Paragraph 7 of the Complaint.

8. During the statutory period, Plaintiff regularly worked more than 40 hours per week without overtime compensation.  The Defendant failed to keep records of the time worked each week by the Plaintiff.

**Answer:**  Denies that Plaintiff regularly worked more than 40 hours per week, and denies

the remaining allegations of Paragraph 8 of the Complaint, and each of them.

9. The Plaintiff was not exempt from the FLSA because she did not meet the tests for exemption under federal law.

**Answer:**  Denies the allegations of Paragraph 9 of the Complaint, and each of them.

10. This practice of failing to pay Plaintiff for actual hours worked and overtime compensation violates provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  As a result of Defendants' unlawful practice, Plaintiff suffered a loss of wages.

**Answer:**  Denies the allegations of Paragraph 10 of the Complaint, and each of them.

11. Defendants failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly requiring her to work in excess of 40 hours per week without overtime compensation in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

**Answer:**  Denies the allegations of Paragraph 1 of the Complaint, and each of them.

## PARTIES, VENUE AND JURISDICTION

12. At all relevant times, Plaintiff, Catrina Thomas, has resided at 2323 West Pershing Road, Chicago, Illinois.  Catrina Thomas was employed by the Defendant from October, 2005 to October 31, 2007.

**Answer:**  Admits that Plaintiff was employed by Defendant from October, 2005 to

October 31, 2007. Admits that during portions of her employment with Defendant, Plaintiff

3

resided at 2323 West Pershing Road, Chicago, Illinois, but has no knowledge that Plaintiff

resided at that address at all relevant times to the Complaint, and accordingly denies the same.

13. Defendant is a business that operates and maintains offices in this District and throughout the State of Illinois.

**Answer:** Admits the allegations of Paragraph 13 of the Complaint.

14. Defendant is an "employer" as that term is defined under the FLSA and FMLA.

**Answer:** Admits the allegations of Paragraph 14 of the Complaint.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

**Answer:** Admits the allegations of Paragraph 15 of the Complaint.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391.

**Answer:** Admits the allegations of Paragraph 16 of the Complaint.

## COUNT 1 – UNPAID OVERTIME UNDER THE FLSA

17. Plaintiff repeats and re-alleges the above paragraphs.

**Answer:** Defendant reasserts its answer to paragraphs 1-16 of the Complaint as its

answer to paragraph 17 of the Complaint.

18. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) time the employee's regular rate of pay, for all hours worked in excess of 40 per week. Plaintiff regularly worked more than forty (40) hours per week, but was not paid overtime.

**Answer:** Denies the allegations of Paragraph 18 of the Complaint. Defendant further

states that the provisions of the Fair Labor Standards Act speak for themselves and accordingly

denies the characterization of that statute as contained in Paragraph 18 of the Complaint.

Defendant further states that the statute does not provide for the payment of overtime for exempt

employees. Defendant further states that Plaintiff did not regularly work more than forty (40) hours per week, as is alleged in Paragraph 18 of the Complaint.

19. The foregoing actions of Defendant constitutes violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

**Answer:** Denies the allegations contained in Paragraph 19 of the Complaint, and each of them.

20. Defendant is liable to Plaintiff for actual damages, liquidated damages, reasonable attorney's fee and costs and equitable relief, pursuant to 29 U.S.C. §216(b).

**Answer:** Denies the allegations contained in Paragraph 20 of the Complaint, and each of them.

## COUNT II – WRONGFUL TERMINATION IN VIOLATION OF THE FMLA

21. Plaintiff repeats and re-alleges the above paragraphs.

**Answer:** Defendant reasserts its answers to Paragraphs 1 through 20 of the Complaint as its answer to Paragraph 21 of the Complaint.

22. The Family Medical and Leave Act states that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for the birth of a son or daughter of the employee and in order to care for such son or daughter. The FMLA also provides that any eligible employee who takes the leave under section 102 for the intended purpose of the leave shall be entitled, on return from such leave—(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

**Answer:** Denies that the FMLA requires that an employee, who has been discovered during her FMLA leave, to have engaged in misconduct prior to her FMLA leave, to be restored to her employment. Accordingly, Defendant denies the allegations contained in Paragraph 22 of the Complaint, and each of them. Defendant further states that the provisions of the FMLA

speak for themselves and accordingly denies Plaintiff's characterization of the FMLA as contained in Paragraph 22 of the Complaint.

23. The Plaintiff met all the requirements for leave under the FMLA. Nonetheless, the Defendant retaliated and discriminated against the Plaintiff by interfering with her rights and terminating the Plaintiff before she could return from leave for the birth of her child.

**Answer:** Admits that Plaintiff met all the requirements for leave under the FMLA. Denies the remaining allegations of Paragraph 23 of the Complaint and each of them. Defendant further states that prior to Plaintiff's scheduled date to return to work from her leave of absence, it was discovered that prior to her leave of absence Plaintiff had engaged in misconduct regarding her employment and Plaintiff was terminated by Defendant.

24. The foregoing actions of the Defendant constitute violations of the FMLA. Defendant's actions were willful and not in good faith.

**Answer:** Denies the allegations contained in Paragraph 24 of the Complaint, and each of them.

25. Defendant is liable to Plaintiff for lost wages and benefits, liquidated damages, reasonable attorney's fees and costs, and equitable relief, pursuant to the FMLA, Section 107.

**Answer:** Denies the allegations contained in Paragraph 25 of the Complaint, and each of them.

**DEFENSES**

In further answer to the Complaint, Defendant asserts the following affirmative defenses:

1. Plaintiff is an exempt employee as defined under the Fair Labor Standards Act and is accordingly not entitled to overtime compensation.

2. Plaintiff was discharged by Defendant following the discovery by Defendant that Plaintiff had engaged in misconduct with regard to Plaintiff's employment at Defendant.

3. All of Defendant's decisions regarding the terms and conditions of Plaintiff's employment, including, but not limited to, those relating to her compensation and discharge, were made for *bona fide* business reasons and in good-faith.

4. On information and belief, Plaintiff has failed to fulfill her duty and obligation to mitigate her alleged damages.

/s/ Donald F. Peters Jr.

January 29, 2008

Donald F. Peters Jr.
Attorney for Defendant Freedman Seating Company, Inc.
Peters & Lyons, Ltd.
7035 Veterans Blvd.
Burr Ridge, IL 60527
Telephone: (630) 887-6900
Fax: (630) 887-6910
Email: dpeters@peterslyons.com

(AnswertoComplaintThomasvFReedman(080129)