IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CATRINA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 C 6739 |
| | ) |
| FREEDMAN SEATING COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

**PARTIES JOINT INITIAL STATUS REPORT**

1. Nature of claims and defenses: Plaintiff claims that Defendant willfully misclassified her as exempt and denied her overtime pay for all hours worked over 40 per week. Specifically, Plaintiff claims that Defendant failed to record the hours worked by the Plaintiff and paid her $625.00 per week regardless of the actual hours she worked. Plaintiff claims that through its pay practices, Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

Plaintiff also claims that she met all the requirements for leave under the Family & Medical Leave Act, 5 C.F.R. 630.1201 *et seq.* (hereinafter "FMLA") but that Defendant retaliated and discriminated against her by interfering with her rights and terminating her before she could return from leave for the birth of her child.

Defendant asserts that Plaintiff is exempt from overtime under the Fair Labor Standards Act, and even if not, Plaintiff rarely, if ever, worked more than 40 hours per week.

Defendant asserts that Plaintiff was discharged during her FMLA leave following the discovery of many sexually graphic images found on her reserved portion of Defendant's computer system while Plaintiff was on FMLA leave and not because she took an FMLA leave.

2. Relief sought by Plaintiff: Plaintiff seeks unpaid overtime damages, lost wages and benefits, liquidated damages, attorney's fees and expenses.

3. Names of parties not served: None at this time.

4. Principal legal issues: Whether the Plaintiff was misclassified as exempt from state and federal wage and hour laws and is therefore entitled to overtime compensation, and if so, whether such misclassification was willful. Whether the Defendant retaliated and discriminated against the Plaintiff by terminating her before she returned from her FMLA leave.

5.      Principal factual issues: On the FLSA claim, factual issues include Plaintiffs' job duties, rate of pay, amount of hours worked and whether Defendant kept accurate records of Plaintiff's time worked and whether Plaintiff's claims of time worked are accurate. On the FMLA claim, factual issues include whether Plaintiff downloaded, saved and/or viewed inappropriate images on Defendant's computer system, while Plaintiff was working at Defendant.

6.      List of pending motions and brief summary of bases for motions: There are no pending motions.

7.      Description of discovery requested and exchanged: Discovery has not yet been requested or exchanged.

8.      Type of discovery needed: Plaintiff anticipates that she will need discovery related to her compensation, job duties, job description, hours worked, Defendant's decision to deprive her overtime pay, job performance and termination. Plaintiff intends to issue written discovery and anticipates the need for approximately five depositions. Defendant anticipates that it will need discovery concerning hours worked by Plaintiff. To the extent that Plaintiff may deny that she downloaded opened or view certain images on her computer at Defendant, Defendant may need to engage in discovery related to her personal computers or personal data assistant devices and her personal e-mail account. Defendant intends to issue written discovery and anticipates the need for approximately three depositions.

9.      Agreed dates for:

   a.   Rule 26(a)(1) disclosures: 2-25-08.

   b.   Fact discovery completion: 6-15-08.

   c.   Expert discovery completion (including dates for the delivery of expert reports): 8-15-08.

   d.   Filing of dispositive motions: 9-15-08.

   e.   Filing of a final pre-trial order: 11-15-08

10.     Estimation of when the case will be ready for trial: 1-01-09.

11.     Probable length of trial: 2-3 days.

12.     Whether a request has been made for a jury trial: There has been a request for a jury trial.

13.     Whether there have been settlement discussions and if so the outcome of those discussions: At Defendant's request, Plaintiff submitted a written demand.

14. Whether the parties consent to proceed before a Magistrate Judge: The Parties consent to proceed before a Magistrate Judge.

Respectfully,

/s/ Ryan F. Stephan

Date: February 19, 2008

ATTORNEYS FOR THE PLAINTIFF
Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
Telephone:  (312) 233-1550
Facsimile:  (312) 233-1560


/s/ Donald F. Peters Jr.

ATTORNEYS FOR THE DEFENDANT
Donald F. Peters Jr.
Christopher P. Lyons
PETERS & LYONS, LTD.
7035 Veterans Blvd.
Burr Ridge, IL 60527
Telephone:  (630) 887-6900
Facsimile:  (312) 887-6910